UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED LEASING, INC., Plaintiff, | ) | |
| vs. | ) | 3:17-cv-00023-RLY-MPB |
| BALBOA CAPITAL CORPORATION, Defendant. | ) | |

**ENTRY ON BALBOA CAPITAL CORPORATION'S 12(b)(6) MOTION TO DISMISS UNITED LEASING, INC.'S COMPLAINT and UNITED LEASING, INC.'S MOTION TO STRIKE**

Defendant, Balboa Capital Corporation, moves to dismiss Plaintiff, United Leasing, Inc.'s, Complaint. United, in turn, moves to strike an exhibit attached to Balboa's motion. For the reasons that follow, Balboa's 12(b)(6) Motion to Dismiss United's Complaint is **GRANTED without prejudice**, and United's Motion to Strike is **GRANTED**.

## I. Background

United and Balboa are both equipment financing companies which specialize in leasing equipment to commercial customers. On March 11, 2013, United and Balboa entered into a Master Discounting Agreement (or "Agreement"), the purpose of which was to govern the relationship between United and Balboa with regard to leasing contracts which Balboa offered to sell and assign to United. (Filing No. 1-1, Compl. ¶ 3). The Agreement provides, in relevant part:

With respect to each Lease sold and assigned to PURCHASER [United] pursuant to this Master Agreement, SELLER [Balboa] hereby represents and warrants to PURCHASER as of the date such Lease is sold and assigned to PURCHASER, and (where applicable) agrees with PURCHASER, as follows that to SELLER'S knowledge:

***

(e) SELLER has not received any notice challenging its ownership or its priority of its security interest in the Equipment covered by the Lease and there are no proceedings or investigations pending, or, to the best of SELLER'S knowledge, threatened before any court, regulatory body, administrative agency or other governmental instrumentality (i) asserting the invalidity of the Lease, (ii) seeking to prevent payment or performance of any obligation under the Lease, or (iii) seeking any determination or ruling that might adversely affect the validity or enforceability of the Lease.

***

(k)[1] ***Without limiting or qualifying any of the preceding representations and warranties of SELLER, all numbers, dates, Equipment descriptions, and all other statements of fact contained in the Operative Documents are true, correct, and complete and not misleading as of the date of the transfer (sic) of Lease to PURCHASER and all written information heretofore furnished by or made available by SELLER to PURCHASER for purposes of or in connection with the Lease is true and correct in all respects on the date as of which such information was stated or certified and remains true***

[1] The first sentence of paragraph 6(k) is identical to paragraph 6(e), which means the same representation was placed in the contract twice. Any ambiguity that arises from this circumstance is patent. A "[p]atent ambiguity is 'apparent on the face of the instrument and arises from an inconsistency or inherent uncertainty of language used so that it either conveys no definite meaning or a confused meaning.'" *Felker v. Sw. Emergency Med. Serv., Inc.*, 521 F.Supp.2d 857, 867 (S.D. Ind. 2007) (quoting *Oxford Fin. Grp., Ltd. v. Evans*, 795 N.E.2d 1135, 1143 (Ind. Ct. App. 2003)). A patent ambiguity is an issue of law, and, as such, is resolved by looking at the document as a whole, without regard to extrinsic evidence. *Id.*; *Youngs v. Fin. Ctr. Fed. Credit Union*, No. 1:13-cv-901-SEB-TAB, 2014 WL 1317134, at *4 n. 3 (S.D. Ind. Mar. 31, 2014) (citing *Rosetto v. Pabst Brewing Co.*, 217 F.3d 539, 543 (7th Cir. 2000)). Viewing the document as a whole, the inclusion of the same sentence in paragraphs 6(e) and (k) appears to be nothing more than a typographical mistake. To construe it otherwise would be an unreasonable interpretation of the paragraph. Therefore, the court will ignore the first sentence of paragraph 6(k). As a side note, United did not address the effect, if any, of the first sentence on the court's analysis. In fact, it omits mention of the sentence entirely when it quotes paragraph 6(k).

***and correct in all material respects as of the date of the transfer of the Lease to PURCHASER.***

***

**EXCEPT AS SPECIFIED ABOVE IN THIS SECTION 6 OR BELOW IN SECTION 7, SELLER MAKES NO REPRESENTATION OR WARRANTY OF ANY KIND, EXPRESS OR IMPLIED, WRITTEN OR ORAL, AND SHALL NOT BE RESPONSIBLE FOR: . . . (2) THE FINANCIAL CONDITION, CREDITWORTHINESS OR OTHER CONDITION OF THE LESSEE OR ANY OTHER PERSON OR ENTITY OBLIGATED FOR PAYMENT OF AMOUNTS DUE UNDER OR IN CONNECTION WITH A LEASE OR ANY DOCUMENT RELATING TO A LEASE; . . . . (4) THE COLLECTABILITY OF ANY LEASE . . . .**

(Filing No. 1-1, Compl., Ex. A, Master Discounting Agreement ¶ 6) (emphasis added).

The present lawsuit involves a vehicle lease between Balboa and Americorp Xpress Carriers, LLC. The parties agree that United purchased the lease from Balboa on a non-recourse basis, and the transaction was guaranteed by Frank Flores. (Compl. ¶ 6). Among the documents[2] United received prior to entering into the transaction were the personal Guaranty of Flores and the Statement of Financial Condition of Flores. (*Id.* ¶ 8).

After the sale of the lease by Balboa, Americorp and the Guarantor, Flores, defaulted in payment and performance under the lease. (*Id.* ¶ 12). Thereafter, Americorp and Flores filed for bankruptcy in the United States District Court for the Southern District of Texas. (*Id.* ¶ 14). Flores allegedly testified under oath to facts that indicate the financial statements he provided to Balboa, and which Balboa provided to United,

[2] The "Operative Documents" Balboa provided to United include "(1) Seller's complete credit and application file, (2) The Lease; (3) All Guaranties of any kind . . . ; and (4) All vendor and manufacturer warranties; . . . and (8) All other schedules and documents related to such Lease." (Master Discounting Agreement ¶ 7(e)).

were false in significant and material respects. (*Id.*). United alleges that Balboa breached its warranties to United under ¶¶ 6 and 7 because the statements made in the financial documents were not true, and therefore, it is entitled to attorneys' fees. (*Id.* ¶¶ 14, 15).

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not the merits of the lawsuit. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). A court may grant a Rule 12(b)(6) motion to dismiss only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint sufficient on its face need not give "detailed factual allegations," but it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555. The court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *See Yeksigian v. Nappi*, 900 F.2d 101, 102 (7th Cir. 1990).

In addition to the allegations of the complaint, the court may consider "documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (citing cases). In the present case, United attached several documents, including the Master Discounting Agreement, to the

Complaint. The court properly considers those documents in ruling on the present motion.

Balboa attached an article entitled “The Ins and Out of Equipment Leasing” to its motion. (Filing No. 8-1, The Ins and Out of Equipment Leasing). This article is not referenced in the Complaint and is, therefore, a document outside the pleadings. As this is a motion to dismiss, the court will not consider this article. *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (“At the 12(b)(6) stage, we typically would be confined to [Plaintiff’s] Complaint.”). United’s Motion to Strike is therefore **GRANTED**.

## III. Discussion

Balboa contends that, pursuant to the Master Discounting Agreement, it can only be liable to United if it knew that Americorp’s financial information was materially false. United did not allege Balboa had actual knowledge of that fact. Therefore, Balboa argues, the Complaint must be dismissed for failure to state a claim.

As this is a diversity case filed in the State of Indiana, Indiana rules of contract interpretation control. *Hinc v. Lime-O-Sol Co.*, 382 F.3d 716, 719 (7th Cir. 2004). Under Indiana law, the interpretation of a contract is a question of law for the court. *AM General LLC v. Armour*, 46 N.E.3d 436, 440 (Ind. 2015). A contract is ambiguous if its terms are susceptible to more than one reasonable interpretation. *Trustees of Indiana Univ. v. Cohen*, 910 N.E.2d 251, 257 (Ind. Ct. App. 2009). When the language of a written contract is unambiguous, however, the court must give effect to the intentions of the parties as expressed in the four corners of the document. *Id.* Moreover, in

interpreting the contract, the court is required to read the contract as a whole, and accept an interpretation of the contract that harmonizes its provisions and not one which places the provisions in conflict. *Whitaker v. Brunner*, 814 N.E.2d 288, 294 (Ind. Ct. App. 2004).

The principle issue is whether the preamble's language stating that the Seller (Balboa) represents and warrants to the Purchaser (United) that, "to its knowledge:" qualifies Balboa's representations set forth in paragraph 6(k). Balboa argues it does, as evidenced by the colon that follows those limiting words. United argues that the preamble to paragraph 6 "in essence makes little sense if, in fact, all of the warranties contained in 6(a) through 6(m) are limited by Seller's actual knowledge." (Filing No. 13, Response at 6). It notes the Agreement does not define "actual knowledge," and in paragraph 6(c), the knowledge requirement is included again. (*Id.*). If the actual knowledge requirement refers to all subparagraphs of paragraph 6, United continues, it would not be restated in paragraph 6(c). In making this argument, United fails to appreciate that it apparently drafted the Agreement. [3] Therefore, any ambiguities in the Agreement are construed against United. *MPACT Const. Grp., LLC v. Superior Concrete Constructors, Ind.*, 802 N.E.2d 901, 910 (Ind. 2004) ("When there is an ambiguity in a contract, it is construed against its drafter.").

[3] In its Memorandum in Support, Balboa argued United drafted the Agreement, as reflected by United's large logo on the first page of the document. Because United did not address the argument, the court concludes United concedes that fact. *Lekas v. Briley*, 405 F.3d 602, 614 7th Cir. 2005).

Under the plain terms of paragraph 6(k) of the Agreement, the modifying clause "without limiting or qualifying any of the preceding representations and warranties of Seller" is preceded by the preamble itself. It may sound odd to be read in that manner, but that is how the Agreement was drafted. What is important here is that the modifying clause does not limit or otherwise qualify the preamble. In other words, the coming representation is limited by what Balboa knew.

The court's understanding of the Agreement as requiring knowledge on the part of Balboa is further supported by the concluding language of Paragraph 6, wherein the parties included a disclaimer in all capitalized letters stating that Balboa was not vouching for the creditworthiness or the collectability of the lessee. Additionally, the Agreement contemplates that United Leasing will conduct its own credit review and underwriting of the lessee as outlined in Paragraphs 3, 4, 7(e), and Schedule A to the Specification of Assigned Schedule. And lastly, but significantly, the Agreement provides that Balboa will assign lease transactions to United Leasing on a non-recourse basis, meaning the assignee (United) bears the risk of loss. Balboa's motion to dismiss United's breach of warranty claim is therefore **GRANTED**.

United also alleges Balboa breached the terms of paragraph 7(b) of the Master Discounting Agreement. Paragraph 7(b) reads:

> Each financial statement of SELLER furnished to PURCHASER in connection with this Agreement is true and correct and has been prepared in accordance with generally accepted accounting principles consistently applied throughout the periods involved.

This refers to Balboa's own financial statements, not the lessee's (Americorp). Thus, it has no application here. This may be why United failed to argue that Balboa breached paragraph 7(b) in its Response; instead, it argued Balboa breached the terms of paragraphs 7(d) and (e). However, a party cannot amend its complaint in its response brief to a motion to dismiss. *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*, 641 F.3d 436, 448 (7th Cir. 2011); *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) ("[I]t is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Therefore, United may not raise these new claims now. Balboa's motion to dismiss United's breach of contract claim is **GRANTED**.

Lastly, United alleges it is entitled to attorneys' fees pursuant to paragraph 27 of the Master Lease Agreement between Balboa and Americorp. The operative agreement here is the Master Discounting Agreement, which does not provide for either party to recover attorneys' fees. Accordingly, even if United's claims survived this motion, Balboa would not be entitled to attorneys' fees. Balboa's motion to dismiss United's claim for attorneys' fees is therefore **GRANTED**.

## IV. Conclusion

The court finds United's Complaint fails to state a plausible claim for relief under either a breach of warranty or breach of contract theory. Accordingly, Balboa's Motion to Dismiss (Filing No. 7) is **GRANTED without prejudice**. In addition, United's Motion to Strike (Filing No. 11) is **GRANTED**.

United may amend its Complaint within thirty (30) days of the date of this Entry. If it chooses not to do so, the court will enter final judgment in Balboa's favor.

**SO ORDERED** this 25th day of August 2017.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.